UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK, BUFFALO DIVISION

| | |
|---|---|
| CHRISTINA GUZMAN, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 1:19-cv-1221 |
| RCS CAPITAL PARTNERS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | **JURY DEMAND** |

## COMPLAINT

Now comes CHRISTINA GUZMAN ("Plaintiff"), complaining as to the conduct of RCS CAPITAL PARTNERS, INC. ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and New York common law.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and New York common law.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conduct business in the Western District of New York and substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the State of California.

5. Defendant is a third-party debt collector incorporated in New York with its principal place of business in New York. Defendant is licensed to do business in California and regularly collects upon consumers located in the State of California.

6. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff incurred a debt for the purchase of personal (not business) items.

8. After Plaintiff allegedly defaulted on the debt, the creditor sent the account to Defendant for collection.

9. Plaintiff is employed by a hospital.

10. Defendant contacted two of Plaintiff's bosses at the hospital on two separated occasions.

11. First, Defendant's employee, who identified herself as "Scarlet Bertina with RCS," contacted Dr. Jove, Plaintiff's boss at the hospital, and left a voicemail regarding "file number 803561", and instructed Plaintiff to return her call.

12. Second, Defendant contacted Dr. Ethelynda Tolentino, Plaintiff's other boss at the hospital, by phone and informed Dr. Tolentino that it was "very important" for Plaintiff to return the call, Defendant mentioned "file number 803561", and left a call back number at 855-805-2130 ext. 404.

13. Defendant has continued to call Plaintiff's coworkers and bosses and reveal information to them about the debt.

14. On information and belief, the purpose of these calls was to harass Plaintiff into paying the debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff realleges the paragraphs above as though fully set forth herein.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

17. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

18. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

20. The subject debt is a "debt" as defined by § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purpose.

21. Defendant violated § 1692c when it called Plaintiff's employer, without the prior consent of the Plaintiff, and disclosed information in connection with the collection of a debt.

### COUNT II — INVASION OF PRIVACY

22. Plaintiff realleges the above paragraphs as though fully set forth herein.

23. New York common law permits a cause of action for invasion of privacy where one unreasonably intrudes, physically or otherwise, upon the solitude or seclusion of another if the intrusion would be highly offensive to a reasonable person.

24. Defendant intruded upon Plaintiff's seclusion by calling Plaintiff's bosses and coworkers on multiple phone occasions and disclosing information related to the collection of a debt to each of them.

25. Defendant's harassing conduct was highly offensive to Plaintiff.

26. A reasonable person would also be highly offended if a debt collector called their boss and coworkers, and made allegations that the person was indebted to a third party.

27. Plaintiff suffered actual harm in the form of emotional distress, anxiety, and frustration as a result of Defendant's conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

a. Awarding Plaintiff statutory damages up to $1,000.00 for each violation of the FDCPA as provided under 15 U.S.C. §1692k(a)(2)(A);

b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Awarding Plaintiff punitive damages and attorney fees for Defendant's invasion of privacy; and

e. Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  September 11, 2019

By:  s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com